IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02998-BNB

JOSEPH JON DREISMEIER,

    Plaintiff,

v.

TOM CLEMENTS (Executive Director CDOC),
JAMES FALK (Warden SCF),
RICHARD MISCHIARA (C/O IV at SCF),
C/O MCCORMICK (C/O III at SCF),
C/O CONEY (C/O II at SCF),
C/O BRUNKHARDT (C/O I at SCF), and
LARRY GRAHAM (Investigator for Inspector General's Office),

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Joseph Jon Dreismeier, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the correctional facility in Sterling, Colorado. Mr. Dreismeier initiated this action by filing *pro se* a civil rights complaint asserting claims pursuant to 42 U.S.C. § 1983 that his rights under the United States Constitution have been violated. He asks for injunctive relief and money damages.

The Court must construe the complaint liberally because Mr. Dreismeier is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated

below, Mr. Dreismeier will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

Mr. Handy asserts five claims for relief, all based on his being escorted, naked from the waist down, to segregation on February 24, 2012, by Officers Coney and Brunkhardt, both of whom are named as Defendants. On the basis of these allegations, he asserts two claims of cruel and unusual punishment (claims one and four), due process claims (claim two and part of claim three), a retaliation claim (claim three), and an equal protection claim (claim five). He appears to be suing Tom Clements, DOC executive director; James Falk, Sterling Correctional Facility warden; and Richard Mischiara, correctional officer IV at Sterling Correctional Facility, in their supervisory capacities only. He also appears to be suing Richard Mischiara, correctional officer IV at Sterling Correctional Facility, and Larry Graham, an investigator for the Inspector General's Office, for their involvement in his grievance process.

Mr. Dreismeier's complaint fails to provide a short and plain statement of his claims in compliance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The complaint is unnecessarily verbose, repetitive, and fails to demonstrate clearly and succinctly the personal participation of each named defendant in the alleged constitutional violations.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8

are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

In order to state a claim in federal court, Mr. Dreismeier "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Mr. Dreismeier should name as defendants in his

amended complaint only those persons that he contends actually violated his federal constitutional rights.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Dreismeier must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A supervisory official may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of *respondeat superior*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id*. at 1199.

Further, "a denial of a grievance, by itself without any connection to the violation

of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, 307 Fed. App'x 179, 193 (10th Cir. 2009) (unpublished).

Accordingly, it is

ORDERED that Plaintiff, Joseph Jon Dreismeier, file, **within thirty (30) days from the date of this order**, an amended Prisoner Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8(a) and other directives as discussed in this order. It is

FURTHER ORDERED that Mr. Dreismeier shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that form in submitting the amended complaint. It is

FURTHER ORDERED that, if Mr. Dreismeier fails to file an amended Prisoner Complaint that complies with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED December 27, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge