IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02998-BNB

JOSEPH JON DREISMEIER,

        Plaintiff,

v.

TOM CLEMENTS (Executive Director CDOC),
JAMES FALK (Warden SCF),
RICHARD MISCHIARA (C/O IV at SCF),
C/O MCCORMICK (C/O III at SCF),
C/O CONEY (C/O II at SCF),
C/O BRUNKHARDT (C/O I at SCF), and
LARRY GRAHAM (Investigator for Inspector General's Office),

        Defendants.

---

ORDER

---

        Plaintiff, Joseph Jon Dreismeier, was a prisoner in the custody of the Colorado

Department of Corrections incarcerated at the correctional facility in Sterling, Colorado,

when he initiated the instant action by filing a Prisoner Complaint (ECF No. 1) on

November 14, 2012.  On December 7, 2012, he filed an amended Prisoner Complaint

(ECF No. 6) to cure a deficiency in the original complaint.  On December 27, 2012,

Magistrate Judge Boyd N. Boland entered an order (ECF No. 12) directing Mr.

Dreismeier to file a second amended Prisoner Complaint.  The order directed him to

obtain the Court-approved Prisoner Complaint form (with the assistance of his case

manager or the facility's legal assistant), along with the applicable instructions, at

www.cod.uscourts.gov, and use that form in submitting the second amended complaint.

*See* ECF No. 12 at 5.

On January 24, 2013, Mr. Dreismeier filed a motion (ECF No. 13) requesting an extension of time in which to file the second amended Prisoner Complaint.  On February 4, 2013, the Court granted the motion for an extension of time.  On March 18, 2013, the Court dismissed the instant action without prejudice for Mr. Dreismeier's failure to file a second amended complaint as directed in the December 27 order.  The judgment was entered on the same day.

On April 9, 2013, Mr. Dreismeier appealed the dismissal.  On August 12, 2013, the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) entered an order (ECF No. 22) that reversed and remanded.  *See Dreismeier v. Werholtz*, No. 13-1141 (10th Cir. Aug. 12, 2013).  The mandate was entered on September 3, 2013 (ECF No. 23).  On September 6, 2013, the Court entered an order (ECF No. 24) reinstating this case to the *pro se* docket.

In its August 12 order, the circuit court states that Mr. Dreismeier argued he was "denied access to the necessary forms and could not comply with the magistrate [judge]'s order."  ECF No. 22 at 5.  Unfortunately, at no time prior to dismissal did Mr. Dreismeier inform this Court that he was unable to obtain the Court-approved form he was directed to use to file the second amended Prisoner Complaint or ask this Court to supply the proper form.

The circuit court's August 12 order notes that Mr. Dreismeier has been released from prison, ECF No. 22 at 5, although Mr. Dreismeier has not filed a notice of change of address with this Court in compliance with Rule 10.1M. of the Local Rules of Practice. The clerk of the Court will be directed to substitute the address of 216 North Race

2

Street, Fountain, CO 80817 listed on the Tenth Circuit's August 12 order.  The August 12 order further directs this Court to exercise its discretion in determining the amount of Mr. Dreismeier's outstanding appellate filing fee obligation from the time he filed his notice of appeal (ECF No. 17) on April 9, 2013, until the time of his release from incarceration, for which this Court lacks any notice.

However, according to Tenth Circuit records on PACER (Public Access to Court Electronic Records), www.pacer.gov, for No. 13-1141, Mr. Dreismeier filed a notice of change of address on July 1, 2013, providing as a temporary mailing address the address in Fountain, Colorado, effective July 2, 2013.  The Court may take judicial notice of its own records and files that are part of the Court's public records, *see St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).  Therefore, pursuant to the Tenth Circuit's August 12 order, Mr. Dreismeier will be directed to provide the Court with a certified copy of his inmate trust fund account from April 9, 2013, until July 2, 2013, so that the Court can determine, pursuant to the August 12 order, what portion of the $455.00 appellate filing fee he owes, if any.

As the Tenth Circuit's August 12 order points out, Mr. Dreismeier no longer is incarcerated.  His continuing obligation to pay the filing fee is to be determined, like any nonprisoner, solely on the basis of whether he qualifies for *in forma pauperis* status. *See Whitney v. New Mexico*, 113 F.3d 1170, 1171 n.1 (10th Cir. 1997); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 612-13 (6th Cir. 1997); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1138-39 (6th Cir. 1997); *McGann v. Commissioner, Soc. Sec. Admin.*, 96 F.3d 28, 29-30 (2d Cir. 1996).  Therefore, Mr. Dreismeier will be ordered to submit an amended Motion and Affidavit for Leave to Proceed Pursuant to

3

28 U.S.C. § 1915.  Alternatively, because Mr. Dreismeier did not make any filing fee payments in this action, he may elect to pay the full $350.00 filing fee owed to pursue his claims in this action.

Finally, Mr. Dreismeier will be ordered to file a second amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  In his amended complaint filed on December 7, 2012, Mr. Dreismeier asserts five claims for relief, all based on his being escorted, naked from the waist down, to segregation on February 24, 2012, by Officers Coney and Brunkhardt, both of whom are named as Defendants.  On the basis of these allegations, he asserts two claims of cruel and unusual punishment (claims one and four), due process claims (claim two and part of claim three), a retaliation claim (claim three), and an equal protection claim (claim five).  He appears to be suing Tom Clements, DOC executive director; James Falk, Sterling Correctional Facility warden; and Richard Mischiara, correctional officer IV at Sterling Correctional Facility, in their supervisory capacities only.  He also appears to be suing Richard Mischiara, correctional officer IV at Sterling Correctional Facility, and Larry Graham, an investigator for the Inspector General's Office, for their involvement in his grievance process.

Mr. Dreismeier's amended complaint fails to provide a short and plain statement of his claims in compliance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The amended complaint is unnecessarily verbose, repetitive, and fails to demonstrate clearly and succinctly the personal participation of each named defendant in the alleged constitutional violations.

The twin purposes of a complaint are to give the opposing parties fair notice of

4

the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

In order to state a claim in federal court, Mr. Dreismeier "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526

U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Mr. Dreismeier should name as defendants in his second amended complaint only those persons that he contends actually violated his federal constitutional rights.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Dreismeier must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). With respect to supervisory officials, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of *respondeat superior*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff

must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.  As the Tenth Circuit pointed out in its August 12 order, Mr. Dreismeier's amended complaint appeared to allege personal participation by Officers Coney and Brunkhardt.  ECF No. 22 at 5 n.1.

Further, "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, 307 Fed. App'x 179, 193 (10th Cir. 2009) (unpublished).

Accordingly, it is

ORDERED that the clerk of the Court substitute the temporary address of 216 North Race Street, Fountain, CO 80817 listed on the August 12, 2013, order (ECF No. 22) of the United States Court of Appeals for the Tenth Circuit with the address Plaintiff, Joseph Jon Dreismeier, currently has on file with this Court.  It is

FURTHER ORDERED that **within thirty (30) days from the date of this order** Mr. Dreismeier provide the Court with a certified copy of his inmate trust fund account from April 9, 2013, until July 2, 2013, so that the Court can determine, pursuant to the Tenth Circuit August 12 order, what portion of the $455.00 appellate filing fee he owes, if any.  It is

FURTHER ORDERED that **within thirty (30) days from the date of this order**

Mr. Dreismeier submit an amended Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  Alternatively, because Mr. Dreismeier did not make any filing fee payments in this action, he may elect to pay the full $350.00 filing fee owed to pursue his claims in this action.  It is

FURTHER ORDERED that **within thirty (30) days from the date of this order** Mr. Dreismeier file a second amended Prisoner Complaint that complies with the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure and other directives as discussed in this order.  It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Dreismeier, together with a copy of this order, the proper forms for filing a nonprisoner Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint.  It is

FURTHER ORDERED that Mr. Dreismeier use the forms mailed to him by the clerk of the Court in curing the designated deficiencies, unless he elects to pay the $350.00 filing fee in lieu of filing an amended Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.

FURTHER ORDERED that, if Mr. Dreismeier fails to file a second amended Prisoner Complaint that complies with this order within the time allowed, some claims and defendants in this action may be dismissed without further notice.  It is

FURTHER ORDERED that the clerk of the Court remail to Mr. Dreismeier at his Fountain, Colorado, address a copy of the order reinstating case (ECF No. 24) filed on September 6, 2013, because the copy of the order mailed to Mr. Dreismeier on September 6 was mailed to his former address at the Sterling Correctional Facility.

DATED September 9, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge